-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

REGINALD GHAFFAR MCFADDEN,

        Plaintiff,

    -v-                                     13-CV-0559Sr
                                             **ORDER**

ANTHONY ANNUCCI, AC-DOCCS,
MAUREEN BOLL, DC/C-DOCCS, MARK L.
BRADT, SUP.-ACF, W. HUGHES,
DSS-ACF, J. NOETH, CAPT.-ACF, E.
BROWN, CAPT.-ACF, A. BAKER,
SGT.-ACF, BRUCE BLENKER, CO-ACF,
E. CONDON, SGT.-ACF, NURSE V.
HAWLEY, RN #284-ACF, D. BONNING,
RN #425-ACF, D. GRAF, R/A-ACF,
S. LASHEWSKI, MD-ACF, MICHALEK,
NA-ACF, MARSHA ARTUS, DSA-ACF,
GUMBALA, PSY-MNU-ACF, RASHEEN
POWELL, ACF, MAUREEN BOSCO, ED-OMN,
ANTHONY GONZALEZ, DRM-OMN,
B. CHUTTEY, CAPT.-AUB, J.VASILE,
LT.-AUB, T. BLOWER, SGT.-AUB, E.
WATKINS, PANG LAY KOUI, PETER
BOGARAK, CARL KOENIGSMANN, MD,
DAVID V. AMODIO, JOHN NOCERA, DALE
ARTUS, SUP.-WCF, R. RENDIE, ALBERT
PRACK, W. CONFIELD, MD-DSCF, N.
CORYER, NA-AUB-CF, D. GROF,
RN-ACF, C. MICHALEK, NA-ACF,
T. CHRISTOPHER, SGT. AUB-CF,
W. CHISLOM, LGRS-ACF, K. LAVEN,
SGT. AUB-CF, VERNON FUNDA,
IG-DOCCS,

        Defendants.
_____



    Plaintiff Reginald Ghaffar McFadden, currently an inmate at Attica Correctional Facility, had filed a complaint under 42 U.S.C. § 1983, alleging a number of claims against over 50 defendants, who

were supervisory officials of the New York State Department of Corrections and Community Supervision ("DOCCS") and correctional officers and employees at various correctional facilities within New York. He had also filed a motion to proceed *in forma pauperis*.

The prolix complaint was, essentially, an "autobiographical sketch" of plaintiff's time in prison dating back to 1995, when he was first taken into custody by DOCCS's predecessor agency. The gravamen of the complaint was defendants' failure to provide plaintiff with adequate medical care and treatment for long-standing medical conditions. A routine search of the Federal Judiciary's Public Access to Court Electronic Records system ("PACER") revealed that plaintiff had filed well over thirty (30) civil actions and appeals in the federal district courts and United States Court of Appeals in the Second Circuit. Moreover, this search also revealed that plaintiff had already been determined, pursuant to 28 U.S.C. § 1915(g),[1] to have had three or more cases dismissed for "strike reasons." (Docket No. 6, Decision and Order ("D&O"), at 3-4.)

---

[1] 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

2

Plaintiff, presumably fully aware of the three "strikes" rule and the "imminent danger of serious physical injury" exception to the rule, attempted to allege that, because he was not being provided with adequate medical care and treatment for long-standing medical conditions (including, but not limited to, Hepatitis-C and the need for a hearing aid), he was facing "a life or death matter", which was sufficient to constitute "imminent danger of serious physical injury". However, upon review of the complaint, the Court found that plaintiff's allegations were strikingly similar to those pled in a prior action in the United States District Court, Northern District of New York, McFadden v. Patterson, 9:10-CV-0127 (TJM/DEP). In that case, Senior District Judge Thomas McAvoy found that plaintiff's claim that he was not receiving adequate medical care for some of the same medical conditions alleged herein, *e.g.*, Hepatis C and the need for hearing aid, was "patently insufficient to demonstrate that he faced an 'imminent danger of serious physical harm' which was '*fairly traceable* to unlawful conduct asserted in the complaint' and which would be redressed by a favorable judicial outcome." (Id., Docket No. 12, Decision and Order, at 6 (emphasis in original) (quoting Pettus v. Morgenthau, 554 F.3d 293, 298-99 (2d Cir. 2009)). Based on the allegation pled in the complaint herein and those pled previously in the Northern District of New York, this Court found that plaintiff had not alleged that he was in imminent danger of serious physical injury, and, accordingly,

denied plaintiff's application to proceed *in forma pauperis* and directed plaintiff to pay the full filing fee of $350.00 and an administrative fee of $50.00 by a certain date.[2]

In response to the Court's Decision and Order, plaintiff filed a motion to amend the complaint in order to allow him to "convince" the Court that he is under imminent danger of serious physical injury. (Docket No. 7, Motion to Amend.)  Plaintiff also filed a reply to the D&O indicating that he was unable to pay the filing fees at that time and that, if the Court did not grant him leave to amend the complaint, the Court return to him the original documents he had filed with the Court so that he could re-file this action at a later date when he could pay the filing fees. (Docket No. 8.)

By order dated October 17, 2013, the Court noted that original documents filed could not be returned but that, upon pre-payment of the printing or copying costs, plaintiff could obtain copies of his original documents from the Clerk's Office. (Docket No. 9, Decision and Order, at 2). The Court, however, in light of plaintiff's *pro se* status, granted plaintiff's motion to amend the complaint with a warning that the amended complaint must not again be "a highly conclusory and repetitive attempt to re-plead claims of medical

---

[2] Effective May 1, 2013, an additional administrative fee of $50.00 has been added to the total cost of filing a civil lawsuit in District Court, which brings the total cost to $400.00. This additional administrative fee does not apply to prisoners who are granted permission to proceed *in forma pauperis*.

conditions that have in the past been soundly rejected by the courts as setting forth a claim of imminent danger...." (Id., at 3).

Plaintiff filed an amended complaint which, while naming a few less defendants, (forty or so) and does not provide another complete summary of plaintiff's time in prison, again alleges generally the same set of claims, beginning in and around 2011, that previously had been been determined to be insufficient to establish that he was in "imminent danger of serious physical injury" at the time the complaint was filed.

The "imminent danger" exception contained in § 1915(g) was created as a safety valve to prevent impeding harms to prisoners otherwise barred from proceeding in forma pauperis. Malik v. McGinnis, 293 F.3d, 559, 563 (2d. Cir. 2002). The danger must be present when the complaint is filed, and there must be a nexus between the "imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." Pettus v. Morgenthau, 554 F.3d 293, 297 (2d. Cir. 2009).

In his amended complaint plaintiff once again alleges that, while incarcerated at Auburn Correctional Facility, he was illegally confined to the Special Housing Unit ("SHU") for over 16 months following a false misbehavior report and an unfair disciplinary hearing (Docket No. 10, Amended Complaint, ¶¶ 1-10). Furthermore, the claim that this SHU confinement led to a massive heart attack on April 19, 2011, more than two years prior to the filing of the

complaint herein (Amended Complaint at p. 8), is the same one alleged in an almost identical manner in the complaint, and which previously was found not to be sufficient to constitute a plausible claim of "imminent danger of serious physical injury."[3]  The amended complaint also attempts to re-chronicle previously pled allegations that occurred in or around April 2011 and later. For instance, when outlining the events that occurred in 2012, plaintiff alleges that he was not provided adequate medical care and a sufficient supply of medication when he was being transferred from one correctional facility to another (Amended Complaint, at pp. 32-33). Once again, such allegations are nearly identical to those asserted in the complaint, which the Court has already determined were not sufficient to establish that plaintiff was currently in "imminent danger of serious physical injury" (See Complaint at pp. 38-40). Plaintiff's more recent allegations appear to be those involving the denial of dental care in August 2012, and the failure to respond to grievances in September 2012.

Based upon a review of the amended complaint, the Court finds that plaintiff has not set forth a plausible claim that he was in "imminent danger of serious physical injury" at the time he filed the complaint. See Avent v. Fischer, 2008 WL 5000041, at *5 (N.D.N.Y. Nov. 20, 2008) (court unable to find that plaintiff's

---

[3] See Complaint at pp. 31-32 ("Plaintiff was in hospital for a massive heart attack....").

factual allegations "plausibly suggest" that plaintiff was under "imminent danger of serious physical injury" at the time he filed the complaint) (citing Polanco v. Hopkins, 2007 WL 914023, at *3-5 (W.D.N.Y. Mar. 23, 2007) (Siragusa, J.), aff'd 510 F.3d 152 (2d. Cir. 2007) (plaintiff had not alleged facts plausibly suggesting that he was in imminent danger of serious physical injury at the time he brought the action).

Accordingly, this action must be dismissed unless plaintiff pays the full filing fee of $350.00 and an administrative fee of $50.00 by **April 11, 2014.** The Court will not delay the dismissal of this action further, as requested, in order to allow plaintiff additional time to attempt to obtain and pay the $400.00 fees.

### CONCLUSION AND ORDER

Plaintiff's amended complaint does not sufficiently allege that he is in "imminent danger of serious physical injury." **Plaintiff has until April 11, 2014 to pay the full filing fee of $350.00 and the administrative fee of $50.00, or the action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).**

SO ORDERED.

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   February 26, 2014
         Rochester, New York